IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HARTMUT GRAEWE,**

  **Petitioner,**

v.               **Civil Action No. 1:12cv103**
                 **(Judge Keeley)**

**TERRY O'BRIEN,**

  **Respondent.**

## REPORT AND RECOMMENDATION

On June 21, 2012, the *pro se* petitioner, Hartmut Graewe, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The petitioner is an inmate at USP Hazelton, which is located in Bruceton Mills, West Virginia. In the petition, the petitioner challenges the determination made by the Bureau of Prisons ("BOP") that he is not parole eligible. The undersigned conducted a preliminary review on June 22, 2012, and determined that summary dismissal was not appropriate at that time. Accordingly, a show cause order was entered. On August 14, 2012, the respondent filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment. On August 23, 2012, a Roseboro Notice was issued. On September 17, 2012, the petitioner filed a Response, and on September 17, 2012, the respondent filed a reply. This matter, before the undersigned for a Report and Recommendation pursuant to LR PL P 2, et seq., is ripe for review.

## I. FACTUAL AND PROCEDURAL HISTORY

On April 7, 1983, the petitioner was sentenced in the United States District Court for the Northern District of Ohio to the following: 20 years for Count 1 – Conspiring with Others in

Conducting an Enterprise of Racketeer Influenced and Corrupt Organizations in violation of Title 18 U.S.C. § 1961 and § 1962(d); Life Imprisonment for Count 2 – Operating a Continuing Criminal Enterprise in violation of Title 21 U.S.C. § 848; 5 years each for Counts 3 through 21 – Interstate Travel in Aid of Racketeering in violation of Title 18 U.S.C. § 1952(a) and 2; 15 years for Count 35 – Possessing and Aiding and Abetting in the Possession of, with Intent to Distribute, a Schedule II Controlled Substance, to-wit, Cocaine in violation fo 21 U.S.C. § 841(a)(1) and Title 18 U.S.C. § 2; and 4 years each for Counts 40 through 48, 50, 51, 53 through 55, 57 and 58 – Use of telephone to Facilitate Distribution of Scheduled 1 Controlled Substance, to-wit, Marijuana, in violation of Title 21 U.S.C. § 843(b) and Title 18 U.S.C. § 2. (Doc. 16-1, p. 5). The sentences were ordered to run as follows:

> a. Twenty (20) years on Count 1, to run consecutively to all other counts, except Count 2; to run concurrently with Count 2.
>
> b. Life imprisonment on Count 2.
>
> c. Five (5) years on each of Counts 3 through 21, to run consecutively to each other but concurrently with Count 2.
>
> d. Fifteen (15) years on Count 35, to run consecutively to sentence imposed on Counts 1, 3 through 21, 40 through 48, 50, 51, 53, 54. 55, 57, and 58, but concurrently with Count 2, and three (3) years Special Parole Term
>
> e. Four (4) years on each of Counts 40 through 48, 50, 51, 53, 54, 55, 57, and 58, to run consecutively to each other, but concurrently with Count 2.

(Doc. 16-1, p. 6).

The BOP has prepared a sentence computation for the petitioner based on a total term of Life,

beginning on April 7, 1983, the date the sentence was imposed. He has been credited with all time spent in custody from July 7, 1982, the date of his arrest, through April 6, 1983, the day prior to his sentencing. Based on this calculation, the petitioner has no projected satisfaction date because he is serving a life sentence. (Doc. 16-1, p. 9).

## II. CONTENTIONS OD THE PARTIES

The petitioner argues that the Judgment and Commitment Order and Official Sentencing Transcript, attached as his Exhibits 1 and 2, establish "the law of the case.." The petitioner notes that the sentencing judge stated:

> THE COURT: As to Count 35, there is a special three-year parole term as to Mr. Gallos and as to Mr. Hartmut Graewe and as to Mr. McTaggert. I want the record to show that included in the sentences is that three-year parole term, which I neglected to articulate.

The petitioner maintains that after he was incarcerated at the U.S. Penitentiary, Marion, Illinois, in 1984, the administrative staff of the BOP improperly changed the sentence in Count 2 to Life Without Parole and have maintained this illegal sentence for the last thirty years.

The petitioner further maintains that Judge Manos, his sentencing judge, exercised his discretion and sentenced him to Life for violation of 21 U.S.C. § 848, a sentence with parole eligibility after service of ten years. The plaintiff further maintain that although the BOP illegally changed the sentence imposed by Judge Manos to life without parole, he has always been eligible for parole on his life sentence after service of ten years and 1/3 of his other concurrent sentences. The petitioner contends that because he has served thirty years, he is entitled to mandatory parole.

The petitioner also notes that he is a German citizen and his health his extremely poor. Following his conviction in Cuyahoga County in 1967 for larceny by trick and in 1972 for

3

manslaughter, first degree, he was ordered to appear before an Immigration Judge on September 27, 1977 to show cause why he should not be deported. However, in light of his federal incarceration, the deportation proceeding was administratively closed. The petitioner notes that the administrative closing only postponed the hearing until his release from incarceration. Therefore, the petitioner points out that if the BOP and United States Parole Commission were to follow the law, he would be deported to Germany, not released into the United States. The petitioner, therefore, requests that this Court grant his petition and release him to the U.S. Department of Justice, Immigration and Naturalization Service, for deportation to Germany.

The respondent argues that the petitioner's sentence for violation of 21 U.S.C. § 848 is not parole eligible. In support of this contention, the respondent points out that in 1983, when the petitioner was sentenced, 21 U.S.C. § 848(c) explicitly disallowed parole eligibility, directing that: "In the case of any sentence imposed under this section, imposition or execution of such sentence shall not be suspended, probation shall not be granted, and section 4202 of title 18...[providing for parole eligibility for inmates serving a term of one year or more who had served one-third of their sentence, and for inmates serving a life sentence or a sentence of over thirty years who had served ten years of their sentence]...shall not apply. Therefore, the respondent argues that 21 U.S.C. § 848 (c), as it existed when the petitioner was sentenced, forbids eligibility for parole. In addition, with respect to the petitioner's argument that because he has served thirty years, he is entitled to mandatory parole, the respondent notes that the parole statute provides for eligibility for release on parole except to the **extent otherwise provided by law**. 18 U.S.C. § 4205(a). Therefore, the respondent argues that the petitioner is not eligible for parole under any section of the U.S. Code.

In response, the petitioner argues that his petition and exhibits clearly prove that he was not sentenced to "life without parole." Moreover, the petitioner alleges that other offenders sentenced pursuant to 21 U.S.C. § 848 for engaging in continuing criminal enterprises were sentenced to less than life without parole. The petitioner continues to maintain that he was sentenced to a term of 10 years to life and is now eligible for mandatory parole pursuant to 18 U.S.C. § 4206(d).

In reply, the respondent concedes that not all sentences imposed pursuant to 21 U.S.C. § 848 were life sentences. Rather, the respondent continues his position that sentences imposed pursuant to 21 U.S.C. § 848 were prohibited by the language from the statute from receiving probation or parole.

### III. STANDARD OF REVIEW

#### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a

5

complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986).

### IV. ANALYSIS

The undersigned begins this analysis with the undisputed fact that the petitioner was convicted in 1983 for several violations including operating a Continuing Criminal Enterprise ("CCE") in violation of Title 21 U.S.C. § 848. Pursuant to this statute, a person convicted of a CCE shall be sentenced to a term of imprisonment which may not be less than 20 years and which may be up to life. Therefore, the petitioner is accurate that other individuals have been convicted for a CCE and received less than a life sentence. However, the petitioner's own exhibits establish that his

sentence for this conviction was for life imprisonment. (Doc. 1-1, p.2). Therefore, it is clear that sentencing judge exercised his discretion and sentenced the petitioner to the maximum sentence provided for a CCE conviction. The petitioner is also accurate that the sentence did not specify that his life sentence was "without parole." However, the petitioner appears not to understand the interplay of the sentencing provisions of 21 U.S.C. § 848 ( c ), which existed in 1983. Specifically, that provision provided that "]i]n the case of any sentence imposed under this section, imposition of execution of such sentence shall not be suspended, probation shall not be granted, and section 4202 of title 18 [providing for parole eligibility for inmates .....serving a life sentence or a sentence of over thirty years who had served ten years of their sentence]...shall not apply. Therefore, a sentence imposed for a CCE must be served for the maximum time imposed. In the petitioner's case, life, therefore, means life.

The undersigned recognizes that the petitioner's sentence on Count 35 was for fifteen years and three years Special Parole Term. However, this provision of his sentence is separate and distinct from his sentence on Count 2. While it may seem peculiar to the petitioner that the sentencing judge referenced a Special Parole Term, if his life sentence on Count 2 was not parole eligible, he must understand that said Special Parole Term would only come in to play if his Conviction on Count 2 was set aside, or his sentence under Count 2 was vacated or modified. Therefore, the mere fact that part of sentence included a Special Parole Term does not abrogate the fact that his CCE sentence is not parole eligible.

Finally, the petitioner is correct that Charles A. Johnson, was sentenced in 1977 to an aggregate sentence of fifteen years, including ten years for a CCE conviction. He was, indeed, released on parole on September 18, 1980, after serving far less than his ten year non parole eligible

sentence. Some 15 months later, the Parole Commission recognized its error in releasing Mr. Johnson on parole, and he was arrested and his parole revoked. In affirming the District Court's decision to grant his habeas petition, the 9th Circuit Court of Appeals applied the principle of equitable estoppel[1]. However, the Court clearly recognized that a CCE conviction is not parole eligible. See Johnson v. Williford, 682 F.2d 868 (9th Cir. 1982).

Therefore, it is clear that the petitioner was sentenced to a life sentence for his CCE conviction. It is equally clear that said sentence is not parole eligible, and the petitioner must remain in prison for life.

## IV. RECOMMENDATION.

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss or, in the alternative, Motion for Summary Judgment (Doc.15) be **GRANTED,** and the petitioner's §2241 petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

Any party may file, within fourteen (14) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. §

---

[1] Specifically, the Court found that the record disclosed at least eight separate administrative reviews of Johnson's projected parole date. Each review confirmed that he could be released on parole. Moreover, the Court found that the government could not deny knowledge of what it had always treated as settled law: that an 848 conviction was not a parole eligible conviction. Accordingly, the Court applied the principles of equitable estoppel and found that the progress of Johnson's case through eight administrative reviews culminating in 15 months of parole release justified him in expecting to continue on parole during good behavior.

636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: November 8, 2012

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE