# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HARTMUT GRAEWE,**

    **Petitioner,**

**v.**          //          **CIVIL ACTION NO. 1:12CV103**
                                       **(Judge Keeley)**

**TERRY O'BRIEN,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the magistrate judge's Report and Recommendation concerning the 28 U.S.C. § 2241 petition filed by Hartmut Graewe. For the reasons set forth below, the Court **ADOPTS** the magistrate judge's Report and Recommendation in its entirety.

**I.**

On June 21, 2012, the pro se petitioner, inmate Hartmut Graewe ("Graewe"), filed a petition pursuant to 28 U.S.C. § 2241 (dkt. no. 1) alleging that the Federal Bureau of Prisons ("BOP") has improperly determined that he is not eligible for parole. The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with LR PL P 2.

On August 14, 2012, the respondent, Terry O'Brien ("O'Brien"), filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment. (Dkt. No. 15). The magistrate judge issued a Roseboro notice to the petitioner the next day. Graewe filed a

response in opposition to the motion on September 7, 2012, and O'Brien filed a reply on September 17, 2012.

Magistrate Judge Kaull issued an Opinion and Report and Recommendation ("R&R") on November 8, 2012, in which he recommended that O'Brien's Motion to Dismiss or, in the alternative, Motion for Summary Judgment be granted and Graewe's § 2241 petition be denied and dismissed with prejudice. (Dkt. No. 28 at 9). The magistrate judge determined that Graewe was convicted for, inter alia, a violation of 21 U.S.C. § 848, and he is thus statutorily ineligible for parole.

Graewe filed objections to Magistrate Judge Kaull's R&R on November 21, 2012. Graewe argues that 21 U.S.C. § 848(c), the subsection of 21 U.S.C. § 848 that prohibits parole, is inapplicable because it was not specifically cited in his indictment or judgment order, and that, in any event, 21 U.S.C. § 848(c) did not prohibit parole at the time of his conviction and sentence. He also contends that the sentencing court intended that he be eligible for parole because it included a parole term when it sentenced him on a separate count of his indictment. After conducting a de novo review, the Court concludes that Graewe's objections are without merit.

**II.**

On April 7, 1983, subsequent to a jury trial in the United

States District Court for the Northern District of Ohio, Graewe was sentenced to the following: 20 years for Count 1 – Conspiring with Others in Conducting an Enterprise of Racketeer Influenced and Corrupt Organizations in violation of 18 U.S.C. §§ 1961 and 1962(d); Life imprisonment for Count 2 – Operating a Continuing Criminal Enterprise in violation of 21 U.S.C. § 848; 5 years each for Counts 3 through 21 – Interstate Travel in Aid of Racketeering in violation of 18 U.S.C. §§ 1952(a) and 2; 15 years, with a three year special parole term, for Count 35 – Possessing and Aiding and Abetting in the Possession of, with Intent to Distribute, a Schedule II Controlled Substance, to-wit, Cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and 4 years each for Counts 40 through 48, 50, 51, 53 through 55, 57 and 58 – Use of Telephone to Facilitate Distribution of Scheduled I Controlled Substance, to-wit, Marijuana, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2. (Dkt. No. 16-1 at 5-6).

The sentencing court ordered these sentences to run as follows:

> [a] Twenty (20) years on Count 1, to run consecutively to all other counts, except Count 2; to run concurrently with Count 2.
> [b] Life imprisonment on Count 2.
> [c] Five (5) years on each of Counts 3 through 21, to run consecutively to each other, but concurrently with Count 2.
> [d] Fifteen (15) years on Count 35, to run consecutively to sentence imposed on Counts 1, 3

>     through 21, 40 through 48, 50, 51, 53, 54, 55, 57,
>     and 58, but concurrently with Count 2, and three
>     (3) years Special Parole Term.
> [e] Four (4) years on each of Counts 40 through 48, 50,
>     51, 53, 54, 55, 57, and 58, to run consecutively to
>     each other, but concurrently with Count 2.

Id. at 6.

When Graewe was convicted in 1983, 21 U.S.C. § 848 provided, in pertinent part:

> (a) . . . (1) Any person who engages in a continuing criminal enterprise shall be sentenced to a term of imprisonment which may not be less than 10 years and which may be up to life imprisonment, to a fine of not more than $100,000, and to the forfeiture prescribed in paragraph (2). . . . (c) . . . In the case of any sentence imposed under this section, imposition or execution of such sentence shall not be suspended, probation shall not be granted, and section 4202 of Title 18 [repealed March 15, 1976, by Pub.L. 94-233, 90 Stat. 219, and replaced by a new § 4205, each relating to eligibility of prisoners for parole] . . . shall not apply.

21 U.S.C. § 848.

### III.

Turning to Graewe's first objection to the R&R, he contends that 21 U.S.C. § 848(c) is inapplicable to his case because the subsection itself was not cited in the text of his indictment or in his judgment order. This argument, however, misapprehends the applicable law. It is undisputed that Graewe was convicted for a violation of 21 U.S.C. § 848, as charged in Count 2 of his indictment. Subsection (c) of that statute, by its plain terms, is a sentencing consideration, not an element of the offense that must

4

be separately charged in an indictment, see generally Jones v. United States, 526 U.S. 227, 232 (1999), or, for that matter, included in a judgment and commitment order. The alleged citational deficiencies identified by the petitioner are simply inapposite to his claims.

Graewe's second objection, that 21 U.S.C. § 848 did not prohibit parole at the time of his conviction and sentence, is similarly unconvincing. At the time of Graewe's conviction, 21 U.S.C. § 848(c) provided that "[i]n the case of any sentence imposed under this section . . . section 4202 of Title 18 . . . shall not apply." When this statute was originally enacted in 1970, the cross-reference directed the reader to 18 U.S.C. § 4202, the general parole eligibility statute. Congress, however, repealed Section 4202 on March 15, 1976, and replaced it with a provision that provided for the creation of parole commissions. See Parole Commission and Reorganization Act, Pub.L. 94-233, 90 Stat. 219 (1976), codified at 18 U.S.C. §§ 4201 - 4218 (repealed Nov. 1, 1987). At the same time, it recodified and incorporated former Section 4202 into 18 U.S.C. § 4205. Id. Nevertheless, as Graewe points out, Congress did not enact a corresponding change to the cross-reference in 21 U.S.C. § 848(c).

Graewe contends that Section 848(c)'s cross-reference to Section 4202, as it was not updated subsequent to the statutory

5

reshuffling in 1976, "had nothing whatsoever to do with parole eligibility" when he was convicted in 1983. (Dkt. No. 30 at 5). Every court to address this issue, however, has found that individuals who violated 21 U.S.C. § 848 prior to November 1, 1987[1] committed a non-parolable offense. See United States v. Bello, 767 F.2d 1065, 1066-67 (4th Cir. 1985) (citing the relevant version of Section 848(c) and noting that "[b]y statute, no parole is available on a sentence imposed for engaging in a continuing criminal enterprise"); see also Gallardo v. Quinlan, 874 F.2d 186, 187-88 (3d Cir. 1989) (explaining that individuals who violated § 848 prior to November 1, 1987, committed a non-parolable offense); United States v. Valenzuela, 646 F.2d 352, 354 (9th Cir. 1980) ("Congress clearly intended to make parole unavailable to those who violated section 848. There is no indication that Congress intended to change this penalty when it re-enacted the parole statutes."). Again, then, the petitioner's arguments stand contrary to established law.[2]

---

[1] The Sentencing Reform Act of 1974 abolished parole for federal offenses committed after November 1, 1987.

[2] To the extent that Graewe relies on United States v. Ambrose, 740 F.2d 505, 507-08 (7th Cir. 1984), in support of his claims, the Court notes that Ambrose explicitly recognized that a principal's violation of 21 U.S.C. § 848 resulted in a non-parolable sentence. Id. at 507. Further, to the extent that Ambrose went on to hold that one who aids and abets another to violate Section 848 may be exempt from the statute's minimum penalty provisions (a situation which is, in any event, inapplicable to Graewe), this holding was expressly abrogated by the Seventh Circuit in

6

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Finally, Graewe argues that his sentence for Count 35, which specifically included a "three (3) year[] Special Parole Term," indicates that his sentence, as a whole, was meant to be parole-eligible. (Dkt. No. 16-1 at 6). As the magistrate judge correctly found, however, the sentence Graewe received for Count 35 runs <u>concurrently</u> with the life sentence he received for Count 2, the non-parolable § 848 offense. <u>Id.</u> As such, the fact that he received a "special parole term" for a separate charge does not alter the fact that he received a life sentence for his violation of 21 U.S.C. § 848, a statute which, by its terms, prohibits parole.[3]

---

<u>United States v. Pino-Perez</u>, 870 F.2d 1230, 1236-37 (7th Cir. 1989) (en banc).

[3] Graewe concludes his objections with a request for the Court to "undertake the proportionality review of his sentences in accordance with the three-part test enunciated by the Supreme Court" in <u>Solem v. Helm</u>, 462 U.S. 277 (1983). (Dkt. No. 30 at 8). Insofar as this request is a challenge to the validity of his sentence as imposed, however, it is not cognizable in this § 2241 proceeding. "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." <u>Rice v. Rivera</u>, 617 F.3d 802, 807 (4th Cir. 2010); <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir. 2000) ("A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion."). Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless, under § 2255's savings clause, there is a showing that the remedy is inadequate or ineffective. 28 U.S.C. § 2255(e); <u>In Re Jones</u>, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of ... detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996). This Court has already determined that Graewe cannot show that § 2255 is inadequate or ineffective under the three-part test outlined in <u>In re Jones</u>. See <u>Graewe v. Cross</u>, No. 2:10CV51, 2011 WL 127546, at *2 (N.D. W. Va. Jan. 14,

**IV.**

In sum, for the reasons discussed, the Court:

1.  **OVERRULES** Graewe's objections (dkt. no. 30);

2.  **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 28);

3.  **GRANTS** O'Brien's Motion to Dismiss or, in the alternative, for Summary Judgment (dkt. no. 15);

4.  **DENIES** Graewe's § 2241 petition (dkt. no. 1); and

5.  **ORDERS** that this case be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket of this Court.

If the petitioner should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

---

2011). He has not raised the savings clause in his objections, and it remains clear that he is not entitled to its application. Id. As such, Graewe's request must be brought before "the court which imposed the sentence," 28 U.S.C. § 2255, and the Court will not consider it here.

Dated: February 25, 2013.

                            /s/ Irene M. Keeley
                            IRENE M. KEELEY
                            UNITED STATES DISTRICT JUDGE